UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH SCHILLECI, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5837** |
| **SAFEPORT INSURANCE COMPANY** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is the motion[1] of Defendant Safeport Insurance Company ("Safeport") to dismiss Plaintiffs Joseph and Lisa Schilleci's breach-of-insurance-contract and bad-faith claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or, alternatively, for a more definite statement under Rule 12(e). Safeport argues that the Court should dismiss Plaintiffs' claims under Rule 12(b)(6) or grant Rule 12(e) relief because Plaintiffs fail to plead sufficient facts plausibly establishing that Safeport breached Plaintiffs' insurance policy and violated Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes.[2] Plaintiffs opposed[3] the motion and Safeport replied.[4] For the reasons that follow, the Court finds Plaintiffs have failed to state plausible claims establishing breach of contract or bad faith, but will allow Plaintiffs leave to file an amended complaint within 21 days. Accordingly, Defendant's motion to dismiss is **DENIED**.

---

[1] ECF No. 9.
[2] These statutes were recently amended, with the amended statutes effective as of July 1, 2024. 2024 LA. SESS. LAW SERV. ACT 3 (S.B. 323).
[3] ECF No. 14.
[4] ECF No. 15.

## I.   BACKGROUND

This case stems from a dispute over Hurricane Ida insurance claims. The following facts are drawn from the petitions' allegations. Plaintiffs own a property located at 6309 Gladys Street in Metairie, Louisiana.[5] Safeport issued an insurance policy covering Plaintiffs' home.[6] And Plaintiffs allege that this policy was in effect when Hurricane Ida caused significant damage to their property on August 29, 2021, rendering it uninhabitable and forcing them to find alternative housing.[7]

According to the petition, Plaintiffs submitted a "timely" claim to Safeport, although Plaintiffs do not allege specifically when they notified Safeport of their losses.[8] Plaintiffs claim that, as of the date of their petition, they have received $167,543.47 in payments from Safeport.[9] But they argue that this amount is not enough to properly compensate them for the damage to their property, loss of personal property, and loss of use of their home, as required by their policy.[10] Ultimately, Plaintiffs allege that in failing to fully compensate them, Safeport has breached its duty of good faith and fair dealing.[11] Based on these allegations, Plaintiffs sued Safeport in state court for breach of contract and bad faith in violation of Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes.[12] Safeport subsequently

---

[5] ECF No. 1-1 at 3 ¶ 3.
[6] *Id.* ¶ 5.
[7] *Id.* ¶¶ 2–5.
[8] *Id.* at 4 ¶ 6.
[9] *Id.* ¶ 7.
[10] *Id.*
[11] *Id.* ¶¶ 9–10.
[12] *See id.* at 3–5.

2

removed the case to this Court based on diversity jurisdiction.[13] *See* 28 U.S.C. § 1332(a)(1). Now, Safeport moves to dismiss Plaintiffs' claims for failure to state a claim under Rule 12(b)(6).[14] Alternatively, Safeport moves for a more definite statement under Rule 12(e).[15]

## II.  LEGAL STANDARD

### A.  Rule 12(b)(6)

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not meet Rule 8(a)(2)'s pleading standard fails to state a claim upon which relief can be granted. *See generally* FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[13] ECF No. 1.
[14] ECF No. 9.
[15] *Id.*

3

plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

### B. Rule 12(e)

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Such a motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.* "Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored." *Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009) (citing *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)). "A court should only grant a more definite statement when the complaint is 'so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Engles v. Great Lakes Ins. SE*, 675 F. Supp. 3d 702, 705 (E.D. La. 2023) (quoting

*Phillips v. ABB Combustion Eng'g*, No. 12-CV-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013)).

## III.  ANALYSIS

Safeport argues that the Court should dismiss Plaintiffs' breach-of-insurance-contract and bad-faith claims under Rule 12(b)(6) or order Plaintiffs to provide a more definite statement under Rule 12(e).[16]

### A.  Rule 12(b)(6)

Safeport first contends that the Court should dismiss Plaintiffs' claims under Rule 12(b)(6) because Plaintiffs fail to plead plausible claims for (1) breach of Plaintiffs' insurance policy and (2) bad faith under Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes. The Court considers each claim in turn.

#### 1.  Breach of Contract

"In Louisiana, a breach-of-contract claim has three 'essential' elements: '(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee.'" *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quoting *Favrot v. Favrot*, 2010-0986 (La. App. 4 Cir. 2/9/11), 68 So. 3d 1099, 1108–09). "To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782

---

[16] ECF No. 9.

(5th Cir. 2002) (citing *Bergeron v. Pan Am. Assurance Co.*, 98-2421, (La. App. 4 Cir. 4/7/99), 731 So. 2d 1037, 1045).

Here, Plaintiffs fail to state a cognizable breach-of-insurance-contract claim because Plaintiffs fail to identify the specific provision(s) of the insurance policy that Safeport allegedly breached.[17] And that "alone is enough to render the complaint deficient." *Omkar, LLC v. AmGUARD Ins. Co.*, 624 F. Supp. 3d 646, 652 (E.D. La. 2022) (citing *NAZ LLC v. Mt. Hawley Ins. Co.*, No. 21-1893, 2022 WL 1719272, at *2 (E.D. La. May 27, 2022)); *accord, e.g.*, *Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010) (per curiam) (affirming Rule 12(b)(6) dismissal of breach-of-insurance-contract claim because the insureds "made no reference to any specific policy provision of their homeowners insurance contract that [the insurer] allegedly breached" and instead "set forth general allegations that [the insurer] failed to 'tender the appropriate amount'"); *Engles*, 675 F. Supp. 3d at 707 (finding that an insured failed to state a breach-of-insurance-contract claim against its insurer because the insured's petition did not "identify any policy provision it believes [the insurer] breached").

Plaintiffs do not argue otherwise. While Plaintiffs nominally "dispute that their Petition for Damages is deficient," Plaintiffs spend the balance of their response

---

[17] *See generally* ECF No. 1-1 at 3–5.

to Defendant's 12(b)(6) motion arguing that the Court should grant Plaintiffs leave to amend their pleading.[18]

The Court agrees. Although Plaintiffs' complaint is currently deficient, the Court "should freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Plaintiffs have not yet amended their complaint. Nor has Safeport argued that amendment would be futile or that Plaintiffs have pleaded their best case. Accordingly, the Court denies Safeport's motion to dismiss this claim and grants Plaintiffs leave to file an amended complaint within 21 days. The Court advises that this will be Plaintiffs' last opportunity to cure these deficiencies and plead their "best case." *See, e.g.*, *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 443 (5th Cir. 2015) (noting that in the "Rule 12(b)(6) context," the Fifth Circuit "has ordered the district court to dismiss insufficient pleadings where the plaintiff has had an opportunity to plead his best case" (internal citation omitted)). Further, the denial of Safeport's motion is without prejudice to its right to re-urge a motion to dismiss if Plaintiffs' amended complaint fails to identify the specific provision(s) of the insurance policy that Plaintiffs contends Safeport has breached.

    **2.    Bad Faith**

Plaintiffs also fail to state plausible claims for bad faith under Sections 22:1892 and 22:1973. "[W]hen a breach of insurance contract [claim] fails, a bad faith claim shall likewise fail." *Omkar, LLC,* 624 F. Supp. 3d at 651 (internal citation and

---

[18] ECF No. 14.

quotation marks omitted); *see Schmidt v. Chubb Eur. Grp. SE*, No. CV 23-3987, 2024 WL 3011015, at *4 (E.D. La. June 4, 2024) ("[B]ecause [the insured] fail[s] to adequately allege a breach of the [p]olicy, it necessarily follows that [the insureds] also fail to allege a bad faith failure by [the insurer] to pay [the insureds'] claim."). Here, Plaintiffs fail to plead a plausible breach-of-insurance-contract claim, so they similarly fail to plead plausible statutory bad-faith claims. *See id.*; *accord, e.g.*, *Rodriguez v. Occidental Fire & Cas. Co. of N.C.*, No. 23-CV-5656, 2024 WL 50842, at *3 (E.D. La. Jan. 4, 2024) ("As we have found no plausible statement of a breach of contract claim, plaintiff's dependent claim that defendant breached its duty of good faith and fair dealing also fails the 12(b)(6) analysis."). For this reason alone, Plaintiffs bad-faith claims are deficient.

But even if Plaintiffs had alleged a plausible breach-of-contract claim, their complaint does not contain sufficient facts to support a plausible claim of breach of good faith and fair dealing under Sections 22:1892 and 22:1973. Both of these statutes seek to penalize insurers for "the failure to timely pay a claim after receiving satisfactory proof of loss when the failure to pay is *arbitrary, capricious, or without probable cause.*" *Reed v. State Farm Mut. Auto. Ins. Co.*, 2003-0107, (La. 10/21/03), 857 So. 2d 1012, 1020 (internal citation omitted) (emphasis added). But Plaintiffs do not plead sufficient facts establishing that Safeport's alleged failure to pay the full amount of Plaintiffs' claim was "arbitrary, capricious, or without probable cause."

Moreover, Plaintiffs acknowledge that Safeport has paid Plaintiffs approximately $167,543.47, but fail to identify what additional amounts are still owed under the policy.[19] Plaintiffs also do not identify when they submitted their "satisfactory proof of loss" to Safeport for payment.[20] Without this information, the Court is unable to determine if the first amount was tendered to Plaintiffs in a timely fashion.

Plaintiffs' petition resembles those found to be deficient by other sections of this Court. *See Omkar, LLC*, 624 F. Supp. 3d at 652–53; *JMC–Tran Props. v. Westchester Surplus Lines Ins. Co.*, No. 22-CV-4727, 2023 WL 2527168, at *4–5 (E.D. La. Mar. 15, 2023). Like the complaint in *Omkar*, Plaintiffs' petition "parrot[s] the legal standards applicable to [Plaintiffs'] claims without providing factual support." 624 F. Supp. 3d at 653. Moreover, like the petition in *JMC*, Plaintiffs' complaint "does not state when [Safeport] received satisfactory proof of loss, when inspections of the property took place, or other factual allegations regarding timing which are necessary to determine if and when the 30-day and 60-day statutory periods began to run." 2023 WL 2527168, at *5 (internal citation omitted). For these reasons, Plaintiffs claims of bad-faith under Sections 22:1892 and 22:1973 fail. *Accord, e.g.*, *Rodriguez*, 2024 WL 50842, at *3 (concluding that the insured failed to state statutory bad-faith claims because the insured "fail[ed] to provide factual allegations of why [the] unpaid

---

[19] ECF No. 1-1 at 4 ¶ 7.
[20] *Id.* ¶ 9.

portions [of the claim] are properly considered undisputed" (internal citation and quotation marks omitted); *JMC–Tran Props.*, 2023 WL 2527168, at *4 (same); *Engles*, 675 F. Supp. 3d at 708 (similar).

Again, Plaintiffs' failure to sufficiently plead bad-faith claims against Safeport does not end the Court's analysis. As the Court has already discussed, it "should freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). And as noted previously, Plaintiffs have not yet amended, and Safeport has not argued, that amendment would be futile or that Plaintiffs have pleaded their best case. The Court thus denies Safeport's motion to dismiss this claim and grants Plaintiffs leave to file an amended complaint within 21 days. This will be Plaintiffs' last opportunity to plead their "best case." *See Bosarge*, 796 F.3d at 443. This denial of Safeport's motion to dismiss this claim is similarly without prejudice to its right to re-urge a motion to dismiss if Plaintiffs' amended complaint fails to plead facts plausibly establishing Plaintiffs' bad-faith claims.

### B. Rule 12(e)

In the alternative, Safeport moves the Court to order Plaintiffs to provide a more definite statement of their claims under Rule 12(e). The Court has already concluded that Plaintiffs fail to state plausible claims and has granted Plaintiffs leave to file an amended complaint, so Safeport's Rule 12(e) motion for a more definite statement is denied as moot. *See, e.g.*, *Engles*, 675 F. Supp. 3d at 708; *Omkar, LLC*, 624 F. Supp. 3d at 652.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Safeport Insurance Company's Rule 12(b)(6) motion[21] to dismiss for failure to state a claim is **DENIED** without prejudice, and Defendant's alternative request for a more definite statement under Rule 12(e) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiffs shall file an amended complaint that attempts to cure the deficiencies outlined in this order and reasons within 21 days of this Order. If Plaintiffs fail to timely file an amended complaint, the Court in its discretion will dismiss this action with prejudice and enter judgment in favor of Defendant.

New Orleans, Louisiana, this 30th day of September, 2024.

                                                BRANDON S. LONG
                                                UNITED STATES DISTRICT JUDGE

---

[21] ECF No. 9.